IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACCESS POINT FUNDING I 2017-A,
LLC,
successor in interest to
Access Point Financial, Inc., et al.,

    Plaintiffs,

    v.

HITESH PATEL, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:21-CV-3349-TWT

**OPINION AND ORDER**

This is a breach of contract action. It is before the Court on the Plaintiffs' Motion for Default Judgment [Doc. 12], the Defendants' Motion to Set Aside the Entry of Default [Doc. 20], and the Defendants' Motion for Leave to File Answer Out of Time [Doc. 21]. For the reasons set forth below, the Plaintiffs' Motion for Default Judgment [Doc. 12] is DENIED, the Defendants' Motion to Set Aside the Entry of Default [Doc. 20] is GRANTED, and the Defendants' Motion for Leave to File Answer Out of Time [Doc. 21] is GRANTED.

I.    Background

This action arose from the Defendants' alleged non-payment of five separate loans funded by Plaintiffs Access Point Funding I 2017-A, LLC, APF-CPX I, LLC, and APF-CPX II, LLC (collectively, "Access Point"). (Compl. ¶ 11).[1] Each of the loans were sponsored primarily by Defendants Hitesh Patel

---

[1] As it must when considering a motion for default judgment, the Court

and Bhavesh Patel but were guaranteed by some combination of the Defendants. (*Id.*). Access Point alleges that the five loans totaled approximately $11,400,000 and that all five loans are currently in default, constituting breach of the guaranties that the Defendants signed. (*Id.*).

Access Point filed its complaint on August 17, 2021, and each of the Defendants were served with process on August 26, 2021. The Defendants' answers were due on September 16, 2021, and no answers were filed by that date. On September 29, 2021, Access Point filed a Motion for Clerk's Entry of Default, which was entered the following day. On October 29, 2021, Access Point filed the Motion for Default Judgment [Doc. 12] that is presently before the Court. The Defendants thereafter retained counsel, responded in opposition to the Motion for Default Judgment, and filed the Motions to Set Aside the Entry of Default [Doc. 20] and for Leave to File Answer Out of Time [Doc. 21] presently before the Court.

## II.  Legal Standards

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Where a plaintiff's claims are not for a sum certain or a sum that can be made certain by computation,

---

presumes that all well-pleaded allegations in the Complaint are true. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005). However, the Court does not presume the truth of conclusions of law or facts that are not well-pleaded. *See id.* at 1278.

the party must apply to the Court for a default judgment once the Clerk has entered default. Fed. R. Civ. P. 55(a), (b).

The Clerk's entry of default does not, however, automatically warrant a default judgment on a plaintiff's claims. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Entry of default judgment is at the discretion of the district court. *Surtain*, 789 F.3d at 1244; *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Because there is a strong policy in this circuit of determining cases on their merits, default judgments are viewed with disfavor. *Surtain*, 789 F.3d at 1244-45; *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295. And the Court may set aside the clerk's entry of default for good cause. Fed. R. Civ. P. 55(c). In making that determination, courts consider: (1) whether the default was willful; (2) whether the non-moving party would be prejudiced if the default was set aside; and (3) whether the defaulting party has a meritorious defense to the moving party's claims. *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1480 (N.D. Ga. 1997).

In considering whether to grant leave to file pleadings out of time, the Court considers whether the moving party's delay is excusable, which takes into account "the danger of prejudice to the [non-moving party], the length of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993); *Satco Prods., Inc. v. Seoul Semiconductor Co., Ltd.*, 551 F. Supp. 3d 1329, 1332-33 (N.D. Ga. 2021) (applying the *Pioneer* factors to a motion for leave to file an answer out of time).

### III. Discussion

The Defendants explain that their arguments opposing Access Point's Motion for Default Judgment also support their Motions to Set Aside the Entry of Default and for Leave to File Answer Out of Time, and the Court will therefore consider those arguments as to each of the Defendants' pending motions. (*See* Defs. Mot. to Set Aside Entry of Default J. at 2; Defs. Mot. for Leave to File Answer Out of Time at 2). The Court will consider the motions pertaining to default judgment before turning to the Defendants' Motion for Leave to File Answer Out of Time. For the reasons set forth below, the Court finds that default judgment is not warranted in this action and that the Defendants have established good cause warranting leave to file their answer out of time.

### A. Motion for Default Judgment & Motion to Set Aside Entry of Default

In support of its Motion for Default Judgment, Access Point argues that it is entitled to judgment in its favor by virtue of the Defendants' admission of the well-pleaded facts in its complaint, due to the Clerk's entry of default,

4

which establish the necessary elements of its claims. (Pls. Brief in Supp. of Mot. for Default J. at 13-19). Access Point also contends that, under Fed. R. Civ. P. 55(b), default judgment is warranted because its claims are for a sum certain. (*Id.* at 19-23). The Defendants explain that Defendant Bhavesh "Bobby" Patel and Defendant Hitesh Patel are co-managing partners of a real estate development company called Golden State Hospitality Group. (Defs. Brief in Opp. to Mot. for Default J. at 4). Further, it appears that the loans at issue in this action involved Golden State's properties, although each of the Defendants guaranteed some of the loans. (*See id.* at 5-6 (noting Golden State's efforts "to meet its financial obligations" to APF)).

The Defendants argue that good cause exists to set aside the Clerk's entry of default and to deny the Plaintiffs' Motion for Default Judgment primarily because once Golden State began falling behind on its loan payments to Access Point, Defendants Bobby and Hitesh Patel began working with Access Point "to avoid enforcement actions that would not serve either party," including Golden State's continued "substantial progress payment[s] on the notes." (Defs. Brief in Opp. to Mot. for Default J. at 6). More specifically, the Defendants contend that they were blindsided by the filing of this action given the parties' ongoing discussions regarding payments and that, after Defendants Bobby and Hitesh Patel made numerous attempts to contact Access Point, Access Point responded by asking the Defendants to sign a "pre-negotiation agreement" prepared by Access Point's counsel. (*Id.* at 6-7).

The Defendants assert that the pre-negotiation letter expressed Access Point's intent to entertain settlement discussions, which led them to believe that Access Point was agreeing not to pursue the lawsuit while settlement negotiations were ongoing. (*Id.* at 7-8). The Defendants contend that they were not aware Access Point still intended to pursue the lawsuit until they were served with the Motion for Default Judgment and that they immediately retained counsel at that time, who filed the Motions to Set Aside the Entry of Default and for Leave to File Answer Out of Time. (*Id.* at 8-9).

Based on these facts, the Court finds that default judgment is not warranted here. Although there is no dispute that the Defendants were properly served, had actual knowledge of the lawsuit, and failed to timely file their answer in this action, the Eleventh Circuit strongly disfavors default judgments. *Surtain*, 789 F.3d at 1244. Favoring the policy of deciding cases on their merits seems especially prudent in cases where, as here, there are factual disputes as to the amount of damages and Access Point's claims are not for a sum certain. In particular, contrary to Access Point's contentions otherwise, the Defendants have challenged Access Point's calculation of the debts owed, including interest accrued during periods in which the loans were to be in a COVID-19 related forbearance. (*See* Defs. Brief in Opp. to Mot. for Default J. at 19-20). For these reasons, the Court will exercise its discretion to deny Access Point's Motion for Default Judgment [Doc. 12]. *Surtain*, 789 F.3d at 1244.

And for the same reasons, the Court concludes that the Defendants have established good cause to excuse their default. Fed. R. Civ. P. 55(c). The Defendants' argument that they reasonably believed—based on the pre-negotiation letter authored by Access Point's counsel—that Access Point intended to settle the matter outside of court evinces a lack of willful intent to default, especially in light of the fact that the Defendants were uncounseled at that time. *See Ritts*, 989 F. Supp. at 1480. Access Point has made no showing of prejudice if default is not granted, nor could they, given the early stages of this litigation. *See id.* And the Defendants have asserted several potentially meritorious defenses to Access Points claims both in their response in opposition to the Motion for Default Judgment and in their proposed answer. *Id.* Moreover, the Defendants retained counsel soon after learning of the Motion for Default Judgment and timely filed their Motions to Set Aside the Entry of Default and for Leave to File Answer Out of Time. Therefore, the Court will grant the Defendants' Motion to Set Aside the Entry of Default [Doc. 20].

### B. Motion for Leave to File Out of Time

Having determined that default judgment is not warranted, the Court finds that the Defendants' delay in filing their answer is excusable for the same reasons that constituted good cause to set aside the entry of default. Specifically, there has been very little delay in the proceedings thus far, Access Point cannot establish prejudice, and the Defendants acted in good faith upon

7

learning of the default by procuring counsel to remedy their errors. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Accordingly, the Court will grant the Defendants' Motion for Leave to File Answer Out of Time [Doc. 21].

### IV. Conclusion

For the reasons set for above, the Plaintiffs' Motion for Default Judgment [Doc. 12] is DENIED, the Defendants' Motion to Set Aside the Entry of Default [Doc. 20] is GRANTED, and the Defendants' Motion for Leave to File Answer Out of Time [Doc. 21] is GRANTED. The Clerk is DIRECTED to docket the Defendants' proposed answer [Doc. 21-1] as the operative answer in this case.

SO ORDERED, this ___29th___ day of July, 2022.

                                              _____
                                              THOMAS W. THRASH, JR.
                                              United States District Judge